IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS AKERS, SAM CARLISLE,
AARON KUAILE, THOMAS MORALES,
PETE RACINE, and other similarly-situated
individuals,

    Plaintiff,

CASE NO.:

RAAW INVESTMENTS LLC, DBA
TREES PLUS, a Florida corporation,
and Robert Williamson, individually,

    Defendants.

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

COMES NOW, Plaintiffs, Thomas Akers ("Akers"), Sam Carlisle ("Carlisle"), Aaron Kuaile ("Kuaile"), Thomas Morales ("Morales"), Pete Racine ("Racine")(collectively referred to as "Plaintiffs"), and other similarly-situated individuals, by and through undersigned counsel, and file this Complaint and state:

### A. JURISDICTION, PARTIES & VENUE

1.     This is an action to recover, unpaid overtime wages, minimum wages, liquidated damages, interest, attorney's fees and costs under the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §§ 201 *et. seq.* This court has jurisdiction pursuant to 29 U.S.C. § 216(b).

2.     Defendant, RAAW Investments, LLC (hereinafter "RAAW Inc.") is a Florida corporation with its principal place of business located in Santa Rosa County, Florida. Defendant RAAW Inc. does business in Escambia County, Santa Rosa County, Okaloosa

County, and Walton County.

3. Plaintiffs were employed by Defendant, RAAW Inc.

4. As employees of Defendants, Plaintiffs were engaged in commerce or in the servicing or selling of goods for commerce or were employed by Defendant RAAW Inc. in an enterprise engaged in commerce or in the servicing and selling of goods for commerce. Plaintiffs work for the Defendants affected interstate commerce for the relevant time period.

5. Upon information and belief, the Defendant RAAW, Inc. grossed over $500, 000 annually for the relevant time period.

6. Defendant RAAW Inc. is an employer under the FLSA.

7. Defendant RAAW Inc. is engaged in the industry of tree cutting, lawn maintenance and landscaping. Defendant RAAW Inc.'s business activities include cutting trees, cutting limbs, landscaping, mowing grass, weeding, fertilizer application, plant/flower planting in Escambia, Santa Rosa, Okaloosa and Walton County, Florida.

8. Defendant Robert Williamson is an officer, director and shareholder of RAAW Inc. and was responsible for deciding Plaintiffs pay. Defendant Robert Williamson is an employer and is jointly and severally liable under the FLSA.

9. Defendants willfully and intentionally failed to pay Plaintiffs minimum and overtime wages in violation of the FLSA.

10. This action arises under the laws of the United States. It is believed that there are several other similarly situated employees to Plaintiffs in regards to Defendant RAAW Inc.'s hours of work required, payroll practice and record-keeping requirements. The similarly situated employees have not received overtime or minimum wages for work performed for the

Defendants over 40 hours weekly and which occurred during the 3 year period prior to the filing of this Complaint. This case is brought as a collective action under 29 U.S.C. § 216(b).

11. Defendant RAAW Inc. failed to post notice apprising the Plaintiffs of their rights to minimum wages and overtime wages for the relevant time period and failed to keep payroll records in compliance with the FLSA.

## COUNT I
## THOMAS AKERS' CLAIM AGAINST
## RAAW Inc.

12. At all times material hereto, Plaintiff Akers was employed by Defendant RAAW Inc. as a tree cutter/climber from approximately March 1, 2011 through November 2012. Plaintiff Akers cut branches, cut trees and climbed trees for cutting, and removed tree debris.

13. Plaintiff Akers was frequently required or permitted to work more than forty (40) hours a week for RAAW Inc. Plaintiff Akers worked approximately 55-60 hours a week from approximately March 1, 2011 through November 2012.

14. Defendant RAAW Inc. failed to pay Plaintiff Akers overtime pay for hours worked in excess of forty (40) in a workweek in violation of the FLSA and also failed to pay Plaintiff Akers minimum wage for a few of those weeks. Occasionally Defendant RAAW Inc. paid straight time for hours over and above 40 in a workweek, but still failed to pay Plaintiff Akers overtime as that term is defined under the FLSA during those weeks.

15. Plaintiff Akers is entitled to receive overtime pay for hours he worked in excess of forty (40) in a workweek at a rate not less than time and one-half his regular rate of pay. Plaintiff Akers is entitled to receive at minimum wage for all weeks Defendants failed to pay minimum wage.

16. Defendant RAAW Inc. is liable to Plaintiff Akers in the amount of his unpaid overtime compensation and unpaid minimum wages and in an additional equal amount as liquidated damages.

17. Plaintiff Akers is entitled to prejudgment interest if liquidated damages are not awarded.

18. Plaintiff Akers is entitled to a reasonable attorney's fee and costs to be paid by Defendant RAAW Inc.

WHEREFORE Plaintiff Akers, and all other similarly situated employees, demand judgment against Defendant RAAW Inc., for the payment of all minimum wage and for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant RAAW Inc. did not properly compensate them, liquidated damages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II
### THOMAS AKER'S CLAIM AGAINST
### Robert Williamson

19. Defendant Robert Williamson is an officer, director and shareholder of Defendant RAAW Inc. and was responsible for deciding Plaintiff Akers' pay. Defendant Robert Williamson is an employer and is jointly and severally liable under the FLSA. Defendant Robert Williamson is jointly and severally liable to Plaintiff Akers in the amount of his unpaid overtime compensation and unpaid minimum wages and in an additional equal amount as liquidated damages.

20. Plaintiff Akers is entitled to prejudgment interest if liquidated damages are not awarded.

21. Plaintiff Akers is entitled to a reasonable attorney's fee and costs to be paid by Defendant Robert Williamson.

WHEREFORE Plaintiff Akers, and all other similarly situated employees, demand judgment against Defendant Robert Williamson, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants' did not properly compensate them, unpaid minimum wages, liquidated damages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## SAM CARLISLE'S CLAIM AGAINST
## RAAW Inc.

22. At all times material hereto, Plaintiff Carlisle was employed by Defendant RAAW Inc. as a tree cutter/climber from approximately May 2009 through July 2010 and from September 2010 through June 2011. August 2012. Plaintiff Carlisle cut branches, cut trees and climbed trees for cutting, and removed tree debris.

23. Plaintiff Carlisle was frequently required or permitted to work more than forty (40) hours a week for RAAW Inc. Plaintiff worked approximately 55-60 hours a week from approximately May 2009 through July 2010 and from September 2010 through June 2011.

24. Defendant RAAW Inc. failed to pay Plaintiff Carlisle overtime pay for hours worked in excess of forty (40) in a workweek in violation of the FLSA. Occasionally Defendant RAAW Inc. paid straight time for hours over and above 40 in a workweek, but still failed to pay

Plaintiff Carlisle overtime as that term is defined under the FLSA during those weeks. Defendant RAAW Inc. also failed to pay Plaintiff Carlisle minimum wage during a few weeks of his employment.

25. Plaintiff Carlisle is entitled to receive overtime pay for hours he worked in excess of forty (40) in a workweek at a rate not less than time and one-half his regular rate of pay. Plaintiff Carlisle is also entitled to receive at least minimum wage for the weeks during his employment that Defendant RAAW Inc. failed to pay minimum wage.

26. Defendant RAAW Inc. is liable to Plaintiff Carlisle in the amount of his unpaid overtime compensation and unpaid minimum wage and in an additional equal amount as liquidated damages.

27. Plaintiff Carlisle is entitled to prejudgment interest if liquidated damages are not awarded.

28. Plaintiff Carlisle is entitled to a reasonable attorney's fee and costs to be paid by Defendant RAAW Inc.

WHEREFORE Plaintiff Carlisle, and all other similarly situated employees, demand judgment against Defendant RAAW Inc., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant RAAW Inc. did not properly compensate them, unpaid minimum wage and liquidated damages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
### SAM CARLISLE'S CLAIM AGAINST
### Robert Williamson

29. Defendant Robert Williamson is an officer, director and shareholder of Defendant RAAW Inc. and was responsible for deciding Plaintiff Carlisle's pay. Defendant Robert Williamson is an employer and is jointly and severally liable under the FLSA. Defendant Robert Williamson is jointly and severally liable to Plaintiff Carlisle in the amount of his unpaid overtime compensation and in an additional equal amount as liquidated damages.

30. Plaintiff Carlisle is entitled to prejudgment interest if liquidated damages are not awarded.

31. Plaintiff Carlisle is entitled to a reasonable attorney's fee and costs to be paid by Defendant Robert Williamson.

WHEREFORE Plaintiff Carlisle, and all other similarly situated employees, demand judgment against Defendant Robert Williamson, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants' did not properly compensate them, unpaid minimum wages, and liquidated damages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT V
### AARON KUAILE'S CLAIM AGAINST
### RAAW Inc.

32. At all times material hereto, Plaintiff was employed by Defendant RAAW Inc. as a tree cutter/climber from approximately January 2011 through August 2012. Plaintiff Kuaile cut branches, cut trees and climbed trees for cutting, and removed tree debris.

33. Plaintiff Kuaile was frequently required or permitted to work more than forty (40) hours a week for RAAW Inc. Plaintiff worked approximately 55-60 hours a week from August 2011 to August 2012.

34. Defendant RAAW Inc. failed to pay Plaintiff Kuaile overtime pay for hours worked in excess of forty (40) in a workweek in violation of the FLSA. Occasionally Defendant RAAW Inc. paid straight time for hours over and above 40 in a workweek, but still failed to pay Plaintiff overtime as that term is defined under the FLSA during those weeks.

35. Plaintiff Kuaile is entitled to receive overtime pay for hours he worked in excess of forty (40) in a workweek at a rate not less than time and one-half his regular rate of pay.

36. Defendant RAAW Inc. is liable to Plaintiff Kuaile in the amount of his unpaid overtime compensation and in an additional equal amount as liquidated damages.

37. Plaintiff Kuaile is entitled to prejudgment interest if liquidated damages are not awarded.

38. Plaintiff Kuaile is entitled to a reasonable attorney's fee and costs to be paid by Defendant RAAW Inc.

WHEREFORE Plaintiff Kuaile, and all other similarly situated employees, demand judgment against Defendant RAAW Inc., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant RAAW Inc. did not properly compensate them, liquidated damages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI
## AARON KUAILE'S CLAIM AGAINST
### Robert Williamson

39. Defendant Robert Williamson is an officer, director and shareholder of Defendant RAAW Inc. and was responsible for deciding Plaintiff Kuaile's pay. Defendant Robert Williamson is an employer and is jointly and severally liable under the FLSA. Defendant Robert Williamson is jointly and severally liable to Plaintiff Kuaile in the amount of his unpaid overtime compensation and in an additional equal amount as liquidated damages.

40. Plaintiff Kuaile is entitled to prejudgment interest if liquidated damages are not awarded.

41. Plaintiff Kuaile is entitled to a reasonable attorney's fee and costs to be paid by Defendant Robert Williamson.

WHEREFORE Plaintiff Kuaile, and all other similarly situated employees, demand judgment against Defendant Robert Williamson, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants' did not properly compensate them, liquidated damages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VII
## THOMAS MORALES' CLAIM AGAINST
### RAAW Inc.

42. At all times material hereto, Plaintiff Morales was employed by Defendant RAAW Inc. as a tree cutter/climber from October 2010 through November 2012. Plaintiff Morales cut branches, cut trees and climbed trees for cutting, provided estimates and removed

tree debris.

43.     Plaintiff Morales was frequently required or permitted to work more than forty (40) hours a week for RAAW Inc. Plaintiff Morales worked approximately 55-60 hours a week from October 2010 through November 2012.

44.     Defendant RAAW Inc. failed to pay Plaintiff Morales overtime pay for hours worked in excess of forty (40) in a workweek in violation of the FLSA. Occasionally Defendant RAAW Inc. paid straight time for hours over and above 40 in a workweek, but still failed to pay Plaintiff overtime as that term is defined under the FLSA during those weeks. Defendant RAAW Inc. also failed to pay Plaintiff Morales minimum wage for a few weeks during his employment.

45.     Plaintiff Morales is entitled to receive overtime pay for hours he worked in excess of forty (40) in a workweek at a rate not less than time and one-half his regular rate of pay. Plaintiff Morales is also entitled to receive at least minimum wage for the few weeks during his employment that Defendant RAAW Inc. failed to pay minimum wage.

46.     Defendant RAAW Inc. is liable to Plaintiff Morales in the amount of his unpaid overtime compensation, unpaid minimum wage and in an additional equal amount as liquidated damages.

47.     Plaintiff Morales is entitled to prejudgment interest if liquidated damages are not awarded.

48.     Plaintiff Morales is entitled to a reasonable attorney's fee and costs to be paid by Defendant RAAW Inc.

WHEREFORE Plaintiff Morales, and all other similarly situated employees, demand judgment against Defendant RAAW Inc., for the payment of all overtime hours at one and one-

half the regular rate of pay for the hours worked by them for which Defendant RAAW Inc. did not properly compensate them, unpaid minimum wages, liquidated damages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VIII
## THOMAS MORALES' CLAIM AGAINST
### Robert Williamson

49.   Defendant Robert Williamson is an officer, director and shareholder of Defendant RAAW Inc. and was responsible for deciding Plaintiff Morales' pay.  Defendant Robert Williamson is an employer and is jointly and severally liable under the FLSA.  Defendant Robert Williamson is jointly and severally liable to Plaintiff Morales in the amount of his unpaid overtime compensation, unpaid minimum wages and in an additional equal amount as liquidated damages.

50.   Plaintiff Morales is entitled to prejudgment interest if liquidated damages are not awarded.

51.   Plaintiff Morales is entitled to a reasonable attorney's fee and costs to be paid by Defendant Robert Williamson.

WHEREFORE Plaintiff Morales, and all other similarly situated employees, demand judgment against Defendant Robert Williamson, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants' did not properly compensate them, liquidated damages, minimum wages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IX
## PETE RACINE'S CLAIM AGAINST
## RAAW Inc.

52. At all times material hereto, Plaintiff Racine was employed by Defendant RAAW Inc. as a tree cutter/climber from March 2004 through December 2012. Plaintiff Racine cut branches, cut trees and climbed trees for cutting, and removed tree debris.

53. Plaintiff Racine was frequently required or permitted to work more than forty (40) hours a week for RAAW Inc. Plaintiff Racine worked approximately 55-60 hours a week from March 2007 through December 2012.

54. Defendant RAAW Inc. failed to pay Plaintiff Racine overtime pay for hours worked in excess of forty (40) in a workweek in violation of the FLSA. Occasionally Defendant RAAW Inc. paid straight time for hours over and above 40 in a workweek, but still failed to pay Plaintiff overtime as that term is defined under the FLSA during those weeks. Defendant RAAW Inc. also failed to pay Plaintiff Racine minimum wage for a few weeks during his employment.

55. Plaintiff Racine is entitled to receive overtime pay for hours he worked in excess of forty (40) in a workweek at a rate not less than time and one-half his regular rate of pay. Plaintiff Racine is also entitled to receive at least minimum wage for the few weeks during his employment that Defendant RAAW Inc. failed to pay minimum wage.

56. Defendant RAAW Inc. is liable to Plaintiff Racine in the amount of his unpaid overtime compensation, unpaid minimum wages and in an additional equal amount as liquidated damages.

57. Plaintiff Racine is entitled to prejudgment interest if liquidated damages are not awarded.

58.     Plaintiff Racine is entitled to a reasonable attorney's fee and costs to be paid by Defendant RAAW Inc.

WHEREFORE Plaintiff Racine, and all other similarly situated employees, demand judgment against Defendant RAAW Inc., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant RAAW Inc. did not properly compensate them, unpaid minimum wages, liquidated damages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### COUNT X
### PETE RACINE'S CLAIM AGAINST
### Robert Williamson

59.     Defendant Robert Williamson is an officer, director and shareholder of Defendant RAAW Inc. and was responsible for deciding Plaintiff Racine's pay.  Defendant Robert Williamson is an employer and is jointly and severally liable under the FLSA.  Defendant Robert Williamson is jointly and severally liable to Plaintiff Racine in the amount of his unpaid overtime compensation, unpaid minimum wages and in an additional equal amount as liquidated damages.

60.     Plaintiff Racine is entitled to prejudgment interest if liquidated damages are not awarded.

61.     Plaintiff Racine is entitled to a reasonable attorney's fee and costs to be paid by Defendant Robert Williamson.

WHEREFORE Plaintiff Racine, and all other similarly situated employees, demand judgment against Defendant Robert Williamson, for the payment of all overtime hours at one and

one-half the regular rate of pay for the hours worked by them for which Defendants' did not properly compensate them, unpaid minimum wages, liquidated damages, interest, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

JURY TRIAL DEMANDED.

Dated this 7th day of January, 2013.

Respectfully submitted,

Pamela E. Langham, Esquire
Florida Bar No.: 0910767
91 Baybridge Drive
Gulf Breeze, FL 32561
1.850.916.7177
pam@langham.net
Attorney for Plaintiffs