IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


THOMAS AKERS, SAM CARLISLE,
AARON KUAILE, THOMAS MORALES,
PETE RACINE, and other similarly-situated
individuals,
        Plaintiff,

v.                                      Case No.: 3:13cv7/EMT

RAAW INVESTMENTS LLC, d/b/a
TREES PLUS, a Florida corporation,
and Robert Williamson, individually,
        Defendants.
_____/


**O R D E R**

      Plaintiffs initiated this action by filing a complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., to recover unpaid overtime and minimum wage compensation allegedly owed them by Defendants, their former employer (doc. 1).  The requirements of <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), apply.[1]

      On August 5, 2013, the parties filed a "Joint Motion for Judicial Approval of Parties' Settlement Agreement, for Dismissal of Action With Prejudice and for Settlement Agreement to be Filed and Maintained Under Seal" (doc. 108).  In an order dated August 13, 2013, the court expressed concern about the parties' request to seal the settlement agreement and also about the

---

    [1]    In <u>Lynn's Food Stores</u>, the Eleventh Circuit held "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." <u>Lynn's Food Stores</u>, 679 F.2d at 1352.  The first is under the supervision of the Secretary of Labor. *Id.* at 1353; 29 U.S.C. § 216(c).  The second, which is "[t]he only other route for compromise of FLSA claims[,] is provided in the context of suits brought directly by employees against their employer . . . to recover back wages for FLSA violations." <u>Lynn's Food Stores</u>, 679 F.2d at 1353.  In those lawsuits, the parties may "present to the district court a proposed settlement," and "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*
    The Eleventh Circuit recently made it clear that the requirements of <u>Lynn's Food Stores</u> also apply, as in this case, to settlements between former employees and employers.  <u>Nall v. Mal-Motels, Inc.</u>, ___F.3d ____, 2013 WL 3871011, at *2 (11th Cir. July 29, 2013).

confidentiality and general release provisions the proposed settlement agreement contained (doc. 109).  The court therefore directed the parties to file a joint supplement brief addressing these concerns; alternatively, the court authorized the parties to withdraw their motion and proposed settlement agreement and either file an amended motion/settlement agreement or advise the court of their intention to proceed with the litigation (*id.*).  The parties responded, on August 15, 2013, by filing a "Joint Motion for Judicial Approval of Parties' Settlement Agreement and for Dismissal of Action With Prejudice" (doc. 114).  No brief was filed.  Noting that the parties no longer sought to have the settlement agreement sealed but that the amended proposed settlement agreement contained the same general release language as had the original, in addition to denying the initial motion as moot the court directed the parties to file a joint brief addressing the issue of the general release language (doc. 115).  On August 26, 2013, the parties filed their "Joint Brief in Compliance with Court Order," in which they offer several reasons why the general release in the current proposed settlement agreement is not "pervasive" (doc. 116).

As required by Lynn's Food Stores, the court has scrutinized the proposed settlement agreement for fairness and reasonableness (doc. 114-1).  It has also reviewed the parties' "Joint Brief" (doc. 116).  While the court generally finds the terms of the proposed settlement agreement to be fair and reasonable, and accepts the parties' explanation concerning the general release, questions remain.  The proposed settlement agreement calls for attorneys' fees in the amount of $10,000.00 and costs in the amount of $1039.60 to be paid to attorney Larry Matthews, and costs in the amount of $959.20 to be paid to attorney Pamela E. Langham (doc. 114-1 at 2, 6).  The motion and the "Joint Brief," however, indicate that the parties have agreed to bear their respective costs and attorneys' fees (doc. 114 at 2; 116 at 3).  The parties need to explain this apparent discrepancy and, if necessary, file a corrected third proposed settlement agreement which bears the parties' *updated* signatures.

Two housekeeping matters require the court's attention.  The mediator filed a report on June 19, 2013, advising that mediation had resulted in the settlement of all issues (doc. 102).  An order of dismissal was routinely entered (doc. 103); however, in light of the requirements of Lynn's Food Stores, the order was issued improvidently and therefore shall be vacated.  Also, the clerk shall be directed to unseal the proposed settlement agreement at Docket Entry #114-1.

Accordingly, it is **ORDERED**:

1.       The clerk shall unseal Docket Entry # 114-1.

2.       The order of dismissal entered July 5, 2013 (doc. 103), is **VACATED.**

3.      The parties shall file a joint response, addressing the matter of attorneys' fees and costs, as set forth above, within **twenty-one (21) days** of the date of this order.

**DONE AND ORDERED** this 3<u>rd</u> day of September 2013.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**